1-1'C-iij,,
 
 Judge,
 

 too!; time to consider of the trae after argu- and said, as to the'lapsed legacy,, that could not go to line
 
 fii<-
 
 cutors, because the disposition to the legatee shewed that he did not intend it; for the executors and he relied upon Foi8= bloque, lol; where the dfoposilion of the
 
 res-idus
 
 to a legatee who dies in the life time of the testator bus that operation. He over-ruled trie demurrer as to that, As to the undisposed
 
 re=
 
 sidunrn, the defendants counsel argued that the idea of the alteration of the i.ld law in this point aiose from the words used íes the act of 1715., “ No executor or administi ;dor &hall take or w hold himself (according to the value of the apnraisí.raorl) moro
 
 u
 
 of the deceased's estafe than amounts to his necessary charger. “ and disbursements, Stc. but that all such estate so remaining "■ shall immediately alte r the expiration of Í3 months be equal- “ !y and indifferently divided and paid to such persons to whom c-" She same is due by this art or the will of the deceased,” &c¿ The object of this act was a special one, to exclude the executor from holding the property for himself, as had been the practice, ami charging himre'.f by the-
 
 vppralsemcni
 
 to the legatees .-.ad next of kin of the Mteotate. 1 his act directs that he shall not for the future so hold it, but shall olvide it. The goods, by ?he procurement of the executor, were frequently estimated aft. an undervalue, and the txi rutar was held liable for that value5 as the law stood before ibis act., Indeed, the abuse of appraise-ments became so intolerable, that not long afterwards, in the \ f»r 1733, the legislature, c. 10, openly complain of and abolish t<K-'S?3. And they say in the preamble of this latter act, that
 
 such ippraisements have been generally much short oj the 'live value ef~ Hisprop'-rfij»
 
 If the oi.jcct of 1715 was iq prevent executors, holding tor themrelvf s property chus undervalued, k would be going beyond she act to extend its meaning to any oilier alteration oí the existing law, especially an alteration of so much consequence ac, that contendí d jor. The makers of thin act had not in contemplation die ¡ urplus which under the existing lav/ belonged u* executois. They have said, “
 
 no executor
 
 or
 
 arlmi-
 
 46
 
 imtrolor
 
 shall take or hold.” They meant to ;,bi d- p. mis-eftfoi common to
 
 both.
 
 Mow the
 
 administrator,
 
 couid ;?,ever re=. Sain, to hinsstlf the residue undisposed of by the will; be was ¡bound to distribute alh, Tire lav/ then does not comprehend the case of a r'-sidue undisposed of by will. Again, the executor,; or administrator is to deliver over the property to the pany e«° Shied lo it by the will of the deceased, or Ly this act. By ¡his act, She lAKí oí Jrm were entitled t.o the cotaie of aa intestate j bufó
 
 *300
 
 no one is intestate who makes a will, and where there was a will the executor way entitled, by the existing law, to all that was not disposed of otherwise by the will. Then the direction of the act is to pay all to the legatees where there is a wil1, or to the next of kin whore there is no will. Where there is a will, and not all disposed thereby, the executor cannot deliver over to legatees
 
 that
 
 pari, for there is no legatee of that part. Nor are the next of kin entitled by this act; for this act gives to them only the estate of an intestate. This clause relates only to an executor or administrator on one side, and to legatees and next of kin on the o-ttier. These latter are entitled to the full value of the property, or rather the property itself, notwithstanding the appraisement. But where there are no legatees, nor any intestacy, the clause is silent.
 

 What we contend for is very greatly confirmed by the ninth and last clause of the act of 1715, c. 49, the act in question. It directs “ that if any sum or sums ot money shall, hereafter re- “ main in the hands of an
 
 administrator,
 
 after the term of seven l' years shall be expired, and not recovered by any of kin to the de- “• ceased, or by any creditor in that time, the same shall be paid u to the churchwardens,” &c. Why did not this clause direct
 
 executors
 
 to pay over in like manner, when a surplus remains in their hands after payment of legacies ? Cleasly because
 
 executors
 
 were, by the law in being, entitled to such surplus..
 

 The court over-ruled the demurrer as to the undisposed residue also.
 

 As to the first point, that a lapsed legacy, like, a lapsed residue, will not go the executor; that, is clear!
 
 y
 
 a mistake ; 1 H. C, A. 243. Moseley, 47. 1 Atk. 494. 2 Str. 905. 2 P.
 
 W.
 
 489. And see Toller, 275. 3 Bro. C. Ch. 27. 2 Vez.
 
 166. As
 
 to the .second point, I doubt much of the correctness
 
 oi
 
 the decision, but can offer no other reasons than those contained in the argument of the defendants counsel.